119 F.3d 7
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
David L. GUIDRY, Defendant-Appellant.
 No. 96-10534.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 18, 1997**
Filed July 22, 1997.
 
 Before SNEED, HALL, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 David Guidry appeals his sentence imposed following revocation of his supervised release. We affirm.
 
 I.
 
 3
 Guidry contends that the district court erred by applying the criminal history category calculated at the time Guidry was originally sentenced, a calculation that Guidry believes was wrong. Sentencing Guideline § 7B1.4 sets forth the appropriate range of imprisonment that applies to a supervised release violation, which depends in part upon the defendant's previous criminal history category. It provides that "[t]he criminal history category is the category applicable at the time the defendant originally was sentenced to a term of supervision." U.S.S.G. § 7B1.4 (emphasis added). This language is clarified by the Commentary's Application Note 1, which explains that the district court must use the "[criminal history] category determined at the time the defendant originally was sentenced to the term of supervision." U.S.S.G. § 7B1.4 (comment n. 1) (emphasis added). In light of Note 1, it was not plain error for the district court to apply the criminal history category determined at the original sentencing.
 
 II.
 
 4
 Guidry contends that the district court erroneously declined to grant him a downward departure. The court held it would not depart downward pursuant to United States v. Martinez, 77 F.3d 332 (9th Cir.1996), because Guidry could not show any prejudice from the fact that his state conviction increased his criminal history category. Its discretionary refusal to depart downward cannot be reviewed on appeal. United States v. Eyler, 67 F.3d 1386, 1390 n. 5 (9th Cir.1995).
 
 CONCLUSION
 
 5
 The district court did not commit plain error when it calculated Guidry's sentence according to the original criminal history category determination. Its decision not to depart downward is unreviewable. Accordingly, Guidry's sentence is AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument pursuant to Fed. R.App. P. 34(a) and 9th Cir. R. 34.4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3